## W. J. BEAVER et al. v. STATE.

No. A-4843.    Opinion Filed April 15, 1925.
(235 Pac. 251.)

(Syllabus.)

1.    Trial—Direction of Verdict—Where Properly Refused. If there

is any evidence to support a conviction, it is not error to over-
rule defendant's motion for a directed verdict of acquittal on
the ground that the evidence is insufficient to warrant a con-
viction.

2. **Appeal and Error—Verdict of Guilty not Disturbed Unless Clear-
ly Contrary to Weight of Evidence.** A verdict of guilty will not
be disturbed as unsupported by the evidence unless clearly con-
trary to the weight of the evidence.

3. **Intoxicating Liquors—Unlawful Possession—Sufficiency of Evi-
dence.** In a prosecution for unlawful possession of intoxicating
liquors, evidence held sufficient to sustain the conviction of two
defendants, and insufficient to support conviction of the other
defendant.

Appeal from County Court, Ottawa County; Wm. M.
Thomas, Judge.

W. J. Beaver, Walter Stein, and John Martin were
convicted of illegal possession of intoxicating liquors, and
they appeal. Reversed as to Beaver, and affirmed as to
Stein and Martin.

Burns & Turner, for plaintiffs in error.

George F. Short, Atty. Gen., and Charles Hill Johns,
Asst. Atty. Gen., for the State.

DOYLE, J.   The information in this case charges that
the defendants, W. J. Beaver, Walter Stein, and John
Martin, on the 3rd day of March, 1923, did have in their
possession intoxicating liquors, to wit, whisky, with the
unlawful intent to sell the same.   A trial was had there-
under, and the defendants were found guilty as charged in
the information, and the punishment of each fixed at a
fine of $150 and confinement in the county jail for 30
days.   From the judgment rendered on the verdict, they
appeal and assign as error that the verdict is not sustained
by sufficient evidence, and the court erred in admitting in-
competent evidence.

The material and undisputed facts are that M. D.
Wolfe, deputy sheriff, in company with three other officers,

in executing a search warrant against the defendant Bea-
ver's rooming house, in the town of Picher, found about six
gallons of corn whisky contained in· jugs and in fifteen
half-pint bottles in a room near those occupied by the de-
fendants Stein and Martin; that the defendants Stein and
Martin were often seen going to and from the rooming
house and left there just before the officers appeared. It
appears that the defendant Beaver owned the rooming
house, and the other two defendants were the only perman-
ent roomers. Each of the four witnesses for the state tes-
tified that the old man Beaver had never been accused of vio-
lating the prohibitory liquor law. When the state rested,
each of the defendants moved for a directed verdict in the
form of a demurrer to the evidence, which was overruled
and exceptions allowed.

The defendant Beaver, as a witness in his own behalf,
testified his age was 71 years; that he owned the rooming
house and was present when the officers searched the place
and found the liquor in question in an unoccupied room;
that he was in the room the day before and did not notice
any liquor in there; that he did not own the liquor and did
not know that it was there; that the defendant Stein had
been rooming with him since his wife died; that the de-
fendant Martin had been staying there a month or two;
that both left the house a short time before the officers ar-
rived; that he had never been arrested before in his life.

The defendants Stein and Martin did not testify.

It is urged that the court erred in refusing to advise
the jury that the evidence was not sufficient to warrant a
conviction, in that the evidence offered was insufficient to
show possession of the liquor in question by the defendants.
Stein and Martin.

It is a rule approved by this court that where there is
any evidence to support a conviction, or where the evidence
is conflicting, this court will not review the record for the

purpose of ascertaining or determining the weight or sufficiency of the evidence, and ordinarily the verdict approved by the trial court will be allowed to stand.

We have carefully examined and fully considered all the testimony, and we are of opinion that the evidence is not sufficient to sustain the verdict as against the defendant W. J. Beaver. The witnesses for the state testified that he was old and feeble and had the reputation of being a law-abiding citizen.

As to the other two defendants, we think that on the undisputed facts and circumstances in evidence the jury was warranted in reaching the verdict that it did.

The judgment of conviction as to the defendant W. J. Beaver is reversed. The judgment of conviction against the defendants Walter Stein and John Martin is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.